CAUSE NO.

| | |
|---|---|
| LESZLIE BEUMER-GRAY,<br><br>Plaintiff,<br><br>v.<br><br>UPGRADE, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION LLC,<br><br>Defendants. | IN THE JUSTICE COURT<br><br>PRECINCT 3<br><br>COLLIN COUNTY, TEXAS |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Plaintiff CLIFTON DORSEY ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and file this *Verified Original Petition* against Defendants UPGRADE, INC. (referred to hereafter as "Upgrade"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as "Experian"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "Equifax"), TRANS UNION LLC (hereinafter referred to as "Trans Union") collectively ("Defendants") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

**PARTIES AND SERVICE**

2. Plaintiff is a natural person residing in Collin County, Texas.

3. At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**Defendant Upgrade**

4. Defendant Upgrade is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

5. Upgrade is a corporation duly authorized and qualified to do business in the State of Texas and can be served with process upon CT Corporation System, its registered agent for service of process at 1999 Bryan St., Ste 900, Dallas, TX 75201.

6. Upgrade meets the definition of a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**Defendant Experian**

7. Defendant Experian is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon CT Corporation System, its registered agent for service of process at 1999 Bryan St., Ste 900, Dallas, TX 75201.

8. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

**Defendant Equifax**

9. Defendant Equifax is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon Corporation Service Company, its registered agent for service of process at 211 E. 7th St., Ste 620, Austin, TX 78701.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

**Defendant Trans Union**

11. Defendant Transunion is a consumer reporting agency under 15 U.S.C. § 1681a(f) and can be served with process upon The Prentice-Hall Corporation System, its registered agent for service of process at 211 E. 7th St., Ste 620, Austin, TX 78701.

12. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

14. Plaintiff seek monetary relief within this Court's jurisdictional limits.

15. Venue in Collin County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Collin County, Texas.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. In November 2018, Plaintiff obtained a personal loan from Upgrade.

18. In March 2020, Plaintiff entered into a short-term hardship plan for reduced payments due

to Coronavirus related issues. *See* Hardship Terms Confirmation, <u>Exhibit A</u>.

19. Following the initial payments plan, Plaintiff entered similar short-term hardship programs in the subsequent months through August 2021. *See* Subsequent Enrollment Confirmations, <u>Exhibit B</u>.

20. The terms of the payment plan stated that if Plaintiff completed the "Hardship Plan by making all required monthly payments when they are due, your loan will be reported as current to the credit reporting agencies beginning with the billing cycle following your last Hardship Plan payment." *See* Highlighted Portion of <u>Exhibit A</u>.

21. Plaintiff did not miss any payments; all payments were made as agreed and automatically deducted from Plaintiff's checking account. *See* Payment Records, <u>Exhibit C</u>.

22. On or around September 1, 2021, Plaintiff first became aware there was an issue with her account while discussing resuming regular payments with Upgrade.

23. Upgrade informed her there was an error on her account and they will need to escalate to upper management and will give her a call back, which never happened.

24. Plaintiff fulfilled her obligations according to the terms.

25. Upgrade did not and in October 2021 Plaintiff noticed the account was now reporting as Charged Off.

26. Upgrade continues to inaccurately report this fraudulent account and balance as belonging to Plaintiff.

27. Upon information and belief, Experian, Equifax, and Trans Union each forwarded Plaintiff's disputes to Upgrade.

28. After receiving each of Plaintiff's disputes from Experian, Equifax, and Trans Union, Upgrade failed to conduct a reasonable investigation and verified the account as accurate to

Experian, Equifax, and Trans Union. *See* Disputes, Exhibit D.

29. It is alleged that Experian, Equifax, and Trans Union did forward some notice of each dispute to Upgrade, and Upgrade failed to conduct a lawful investigation.

30. In the alternative Experian, Equifax, and Trans Union each failed to contact Upgrade, therefore, failing to perform any investigation at all.

31. Experian responded to Plaintiff's Dispute by incorrectly updating the status of the account to show it as a charge off read "Closed. $23,494 written off." *See* Exhibit E.

32. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

33. Equifax responded to Plaintiff's Dispute by incorrectly verifying the status of the account as charged off. *See* Exhibit F.

34. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

35. Trans Union responded to Plaintiff's Dispute by incorrectly updating the status of the account as "Charged off as bad debt" with a balance of $24,374. *See* Exhibit G.

36. Trans Union has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

37. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian, Equifax, and Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make

an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

38. Upgrade falsely represented the fraudulent account statuses and payment histories of the fraudulent account to Experian, Equifax, and TransUnion and to all parties who accessed his credit reports.

39. As of the date of the filing of this Petition, Upgrade continues to furnish inaccurate and materially misleading information to the credit reporting agencies pertaining to the fraudulent account.

40. Defendants Experian, Equifax, and Trans Union erroneous reporting continues to affect Plaintiff's creditworthiness

41. As a result of Defendants conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b) as to Experian)

42. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

43. Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

44. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the

information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

45. Experian knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

46. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

47. After Experian knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, it failed to make the corrections.

48. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FCRA
### (15 U.S.C. §1681i as to Experian)

51. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

52. Experian violated 15 U.S.C. §1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

53. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

54. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**THIRD CAUSE OF ACTION
VIOLATION OF THE FCRA
(15 U.S.C. § 1681e(b) as to Equifax)**

56. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

58. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

59. Equifax knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

60. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

61. After Equifax knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, it failed to make the corrections.

62. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63. Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

64. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE FCRA
## (15 U.S.C. §1681i as to Equifax)

65. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. Equifax violated 15 U.S.C. §1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

67. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

68. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE FCRA
## (15 U.S.C. § 1681e(b) as to Trans Union)

70. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. Trans Union violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

72. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

73. Trans Union knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

74. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

75. After Experian knew or should have known Plaintiff's Accounts statuses, and payment histories were inaccurate, it failed to make the corrections.

76. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

77. Trans Union's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 168lo.

78. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE FCRA
## (15 U.S.C. §1681i as to Equifax)

79. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

80. Trans Union violated 15 U.S.C. § 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

81. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82. Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE FCRA
## (15 U.S.C. §1681s-2(b) as to Upgrade)

84. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

85. Upgrade furnished credit data pertaining to the Accounts to Experian, Equifax, and TransUnion.

86. As a furnisher, Upgrade is required to participate in reinvestigations conducted by the credit reporting agencies such as Experian, Equifax, and TransUnion.

87. When a consumer disputes the accuracy of information reported by a credit reporting agency, an investigation is triggered.

88. Upgrade violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of its investigations, and/or failing to appropriately correct the erroneousinformation.

89. Upgrade further violated 15 U.S.C. § 1681s-2(b) by continuing to report the report false, inaccurate, derogatory information on Plaintiff credit files after failing to conduct a reasonable reinvestigation.

90. Upgrade continues to furnish inaccurate and derogatory information and has allowed the dissemination of this false data to third parties.

91. Upgrade failed to lawfully correct its own internal records to prevent incorrect re- reporting of incorrect information to the consumer reporting agencies.

92. Upgrade is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

93. Upgrade then refused to correct the payment histories of the Accounts and Account statuses after Plaintiff disputed the information with the credit reporting agencies. Instead, Upgrade verified the Accounts as accurate, and continues to report false and misleading credit information

about the Plaintiff to the credit reporting agencies.

94. As a result of Upgrade's conduct, action, and inaction, Plaintiff suffered damages, including, but not limited to, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, mental suffering, emotional pain, anguish, humiliation, and embarrassment of credit denials.

95. If Upgrade's conduct, action, and inaction were deemed to be willful, Upgrade is liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96. In the alternative, if Upgrade is held to be negligent, Plaintiff would be entitled to recover actual damages under 15 U.S.C. § 1681o.

97. Plaintiff is entitled to recover reasonable costs and reasonable attorney's fees from Upgrade in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in favor of the Plaintiff and against Defendants as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

5. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

7. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: February 2, 2022                Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Robert Leach*
**Allen Robertson**
Texas Bar No. 24076655
**Shawn Jaffer**
Texas Bar No. 24107817
**Robert Leach**
Texas Bar No. 24103582
**Phillip Pool**
Texas Bar No. 24086466
15851 Dallas Pkwy Ste 600
Addison, TX 75001
Phone: (214) 494-1871
Fax: (888) 509-3910
E-mail: attorneys@jaffer.law

*Attorneys for Plaintiff*